BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re AT&T Inc. Cellular Customer Data Security Breach Litigation | MDL No. 3124 |

**Defendant AT&T Inc.'s Response in Opposition to Transfer and Centralization, Unless the Panel Denies the Motion in MDL No. 3126**

AT&T[1] recently learned that customer data was illegally downloaded from an AT&T workspace on a third-party cloud platform provided by Snowflake, Inc. AT&T is not alone. At least 165 Snowflake clients and the data of "hundreds of millions" of people were allegedly impacted.[2] Plaintiffs in various cases allege that these activities were part of a "threat campaign" by "UNC5537, [a] financially motivated threat actor" suspected to have stolen a significant volume of records from Snowflake customer environments.[3] To date, there are 61 class actions against Snowflake and six of its clients—including AT&T—pending in 12 federal jurisdictions across the country.

---

[1] AT&T's response is filed on behalf of all AT&T-related entities that are defendants in Snowflake-related litigation, including AT&T Mobility, LLC and Cricket Wireless LLC.

[2] First Amended Class Action Complaint, *Olivieri et al. v. Snowflake, Inc.*, C.A. No. 2:24-cv-00056-BMM (D. Mt. Aug. 9, 2024), ECF 21 at ¶ 45 and n. 25; Class Action Complaint, *Rason v. Snowflake Inc. and Ticketmaster, L.L.C.*, C.A. No. 2:24-cv-00076-BMM (D. Mt. Aug. 6, 2024), ECF 20-7 at ¶ 7.

[3] First Amended Class Action Complaint, *Olivieri et al. v. Snowflake, Inc.*, C.A. No. 2:24-cv-00056-BMM (D. Mt. Aug. 9, 2024) ECF 21 at ¶¶ 18–21; *Rason v. Snowflake Inc. and Ticketmaster, L.L.C.*, C.A. No. 2:24-cv-00076-BMM (D. Mt. Aug. 6, 2024), ECF 20-7 at ¶¶ 36–42.

Two days after Plaintiffs Lori Young and Machelle Crawford filed this motion to consolidate four cases against AT&T and Snowflake, another plaintiff filed a broader motion to consolidate all Snowflake-related cases in *In re Snowflake Data Breach Litigation*, MDL No. 3126. That motion effectively subsumes this one, proposing to centralize not only the cases filed against AT&T, but all related cases filed (and to be filed) against Snowflake and/or its impacted clients.

AT&T does not believe centralization of the cases against AT&T alone—which represent only a subset of Snowflake-related actions—will promote the just and efficient control of all of the overlapping class actions arising out of a single "threat campaign" of cyberattacks on the clients of a common technology service provider. Without the benefit of the more comprehensive transfer order requested in MDL No. 3126, multiple courts will be asked to opine on common questions in overlapping class actions, including:

- how the "threat campaign" against Snowflake clients occurred;
- "the circumstances of the unauthorized access and data exfiltration";
- Snowflake's "response to" the unauthorized access; and
- "the response of various downstream [Snowflake] users and customer-facing defendants with whom plaintiffs did business."

*In re MoveIt Customer Data Sec. Breach Litig.*, MDL No. 3083, 699 F. Supp. 3d 1402, 1405 (J.P.M.L. 2023); *see also* Chaidez's Mem. in Supp. of Corrected Mot. to Transfer, MDL No. 3126 (J.P.M.L. July 30, 2024), ECF No. 2-1 at 3–4.

These and other common questions will be more fully discussed in AT&T's response to the motion to transfer and consolidate in MDL No. 3126. But in short,

piecemeal consolidation of matters by a lone Snowflake client—whether by MDL or informal consolidation—risks inconsistent rulings on common questions across jurisdictions, inconsistent rulings on the scope of discovery, inefficient and duplicative discovery, and overlapping classes in the hands of multiple courts. *In re Fortra File Transfer Software Data Sec. Breach Litig.*, MDL No. 3090, 2024 WL 436478, at *2 (J.P.M.L. Feb. 5, 2024) (although parties had organized cases in a few districts, "we view centralization as creating more efficiencies and requiring the management efforts of many fewer judges to establish a pretrial structure, facilitate coordination across districts, and make procedural and substantive rulings").

AT&T agrees that the actions against AT&T share common questions of fact and require coordination. But so do all of the other overlapping actions arising out of the "threat campaign" on Snowflake's clients. As a result, the Panel should not consider MDL No. 3124, unless it denies the motion to transfer and consolidate in *In re Snowflake.* Then—and only then—would AT&T support the formation of MDL No. 3124. And in that limited circumstance, AT&T agrees that transfer to the Honorable Victoria M. Calvert would promote the just and efficient conduct of cases.

Conclusion

The related actions filed to date against Snowflake and its clients share common questions of fact and consolidation and transfer of those actions will promote "the just and efficient conduct of cases" in ways that this proposed MDL would not. The Panel should, therefore, transfer and consolidate related actions in MDL No. 3126 and deny this motion. But alternatively, if the Panel denies

consolidation in MDL No. 3126, AT&T supports the formation of MDL No. 3124 and transfer to the Honorable Victoria Calvert in the Northern District of Georgia.

Dated: August 19, 2024

Respectfully submitted,

*/s/ Gilbert S. Keteltas*
Gilbert S. Keteltas
BAKER HOSTETLER LLP
1050 Connecticut Avenue, NW, Ste. 1100
Washington, D.C. 20036
Tel.: (202) 861.1530
Fax: (202) 861.1783
Email: gketeltas@bakerlaw.com

*Attorney for Defendant AT&T Inc.*